Kaveh S. Elihu, Esq. (SBN 268249)
Victor R. Ujkic, Esq. (SBN 334870)
**EMPLOYEE JUSTICE LEGAL GROUP, PC**
1001 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 382-2222
Facsimile: (213) 382-2230

Attorneys for Plaintiff,
WILFREDO MARTINEZ

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Bankruptcy No. 6:22-bk-11279-SY |
| | Adversary No. |
| ROBERT RANDOLPH CHAPMAN, | Chapter 7 |
| Debtors. | **ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(A) AND (C)** |
| WILFREDO MARTINEZ, an individual, | |
| Plaintiffs | |
| vs. | |
| ROBERT R. CHAMPMAN VENTURES, INCORPORATED, a California corporation doing business as ACE PARTY RENTS; ROBERT CHAPMAN, an individual; FRANCISCO CASILLAS, an individual; and DOES 1 through 20, inclusive, | |
| Defendants. | |

1  Wilfredo Martinez ("Plaintiff") , Plaintiffs and creditors of the above-named Debtor, Robert Randolph Chapman ("Chapman"), individually, and his Robert R. Chapman Ventures, Incorporated, a California corporation doing business as ACE PARTY RENTS ("APR" and with Chapman known as the "Defendants"), hereby object to the entry of discharge in the above-entitled bankruptcy case pursuant to 11 U.S.C. § 727(a) and 727 (c) and Rule 4004 of the Federal Rules of Bankruptcy Procedure, and allege as follows:

**INTRODUCTION**

1. This is an action to object to entry of discharge in the chapter 7 bankruptcy case of Defendants Robert Randolph Chapman and Robert R. Chapman Ventures, Inc., dba Ace Party Rents, case number 6:22-bk-11279-SY, pending in the U.S. Bankruptcy Court for the Central District of California, Riverside Division.

2. Defendant is not eligible for discharge as a debtor in his bankruptcy case pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(2)(B).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. § 727.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C 157 and 1334. This is a core proceeding under 28 U.S.C. 157(b).

5. Venue properly lies in this judicial district in that this civil proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. 1049.

**PARTIES**

6. Plaintiff, Wilfredo Martinez, is now and at all times relevant to the Case has been a individual residing in the Los Angeles County, State of California and a creditor in the pending bankruptcy case.

7. Defendant, Robert Randolph Chapman, is an individual who reside in the County of Riverside, in the State of California and a Debtor in the pending bankruptcy case.

8. Defendant, Robert R. Chapman Ventures, Inc. dba Ace Party Rents, is now and at all times herein a California corporation with headquarters located in the County of Los Angeles

and in the state of California. Defendant Robert R. Chapman and Defendant Robert R. Chapman Ventures, Inc. dba Ace Party Rents will hereinafter be referred to as "Defendants".

## FACTUAL ALLEGATIONS

**A. Defendant's Bankruptcy Case**

9. On April 7, 2022, Defendant filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code ("Petition Date"), thereby initiating bankruptcy case number 6:22-bk-11279-SY, in the U.S. Bankruptcy Court for the Central District of California, Riverside Division ("Bankruptcy Case")

10. On May 12, 2022, the trustee held the initial meeting of the creditors required by 11 U.S.C. § 341(a) (" § 341(a) Meeting"), which meeting was continued several times to May 20, 2022, May 31, 2022, June 30, 2022, and July 18, 2022.

11. On or about April 2015, Plaintiff was hired by Defendants as a full-time non-exempt general worker.

12. From on or about December 29, 2016 to on or about November 25, 2019, Plaintiff was scheduled to work five days a week, Monday through Friday, 8:00 a.m. through 4:30 p.m.; however Plaintiff typically worked past the eight hour in a single workday as well as working on Saturdays and/or Sundays.

13. From on or about August 6, 2018 to on or about June 30, 2019, Plaintiff was paid at a rate of $12.00 per hour. Plaintiff was not paid his double-time premium for hours worked in excess of twelve hours in a single day and/or those beyond the first eight hours on the seventh consecutive day of work.

14. On or about July 1, 2019 to on or about November 25, 2019, Plaintiff was paid at a rate of $14.00 per hour. Plaintiff was not paid his double-time premium for hours worked in excess of twelve hours in a single day and/or those beyond the first eight hours on the seventh consecutive day of work.

15. On or about December 29, 2016 to on or about November 25, 2019, Plaintiff was frequently not permitted to take his statuary 30-minute meal periods for days on which Plaintiff worked at least five hours approximately three times per week.

16. From on or about December 29, 2016 to on or about November 25, 2019, Plaintiff was not permitted to take his statutory 10-minute rest breaks for every four hours worked, or majority portion thereof.

17. On or about August 1, 2018, Plaintiff fractured his clavicle and informed his supervisor of the same the following day. Plaintiff's supervisor dismissed Plaintiff and suggested he consult a medical provider on his own. Defendants did not possess Worker's Compensation Insurance and were unable to provide Plaintiff with medical treatment as a result.

18. Plaintiff required reasonable accommodations due to his disabilities, including but not limited to being able to take work restrictions.

19. From on or about August 1, 2018 until on or about January 7, 2019, Plaintiff worked his regular duties despite his injury.

20. On or about January 7, 2019, Plaintiff's medical provider informed him that he was suffering from a fractured clavicle and immediately placed him on work restrictions limiting him from lifting more than fifteen pounds of weight. Plaintiff reported his work restrictions to his supervisor who commented, "If [Plaintiff] could not take the pain, [he] could go home." Plaintiff request duties in APR's office to which his supervisor refused.

21. Thereafter until his termination, Defendants failed and refused to accommodate Plaintiff' work restrictions. On multiple occasions, Plaintiff submitted documentation from medical providers evidencing his restrictions to his supervisor to no avail. Instead his supervisor defiantly commented, "Bring me all the papers you want/ If you come here, I am going to send you to work like anyone else."

22. On or about November 21, 2019, Plaintiff's injury was aggravated when he was instructed to perform heavy lifting.

23. On or about November 25, 2019, Plaintiff reported his pain to his supervisor and asked that his work restrictions be accommodated. His supervisor refused and instructed Plaintiff to seek employment elsewhere.

24. On or about November 25, 2019, Defendants terminated Plaintiff. At no time since the separation of his employment has Plaintiff been paid all outstanding wages owing him.

25. On December 29, 2020, Plaintiff brought suit against Defendants in the California Superior Court in the County of Los Angeles to collect upon the debt owed to Plaintiffs. The case is captioned *Wilfredo Martinez v. Robert R. Chapman Ventures, Incorporated, et. al*. (Case Number 21STCV49451)[the "State Court Case"].

26. In the midst of the State Court Case, the Defendants filed bankruptcy.

**Bankruptcy Case**

27. On April 7, 2022 Defendant Filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code ("Petition Date"), thereby imitating bankruptcy case number 6:22-bk-11279-SY, in the U.S. Bankruptcy Court for the Central District of California, Riverside Division ("Bankruptcy Case").

28. The Debtors appeared at the May 12, 2022 meeting of creditors.

29. Debtors have listed in their amended schedules a debt owing between 50-100 creditors.

30. Debtors stated in their bankruptcy schedules the following disclosures:

   a. Bank of America/Westcom ("BOA/WC")–. Value of entity is positive Defendants list $300.00 for BOA/WC.

   b. Malibu Business Exchange ("MBE") – Barter not convertible to cash. Value of entity is positive Defendants list MBE for $18,900.00.

   c. Intex Corp ("INTEX") – Barter not convertible to cash. Value of entity is positive. Defendants list INTEX for $120,300.00

   d. Robert-Corry Deposit on Apartment ("CORRY") – Value entity is positive. Defendants list CORRY for $1,784.00.

**FIRST CAUSE OF ACTION**

(For a Determination That Defendant's Debts are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(2)(A))

31. Plaintiffs incorporate by reference all the allegations set forth in paragraph 1 through 54 inclusive.

32. Pursuant to Section 523(a)(2) of the United States Bankruptcy Code, a discharge under Sections 727 and 1141 does not discharge an individual debtor from any debt for money, property, services,

or an extension, renewal, or refinancing of credit, to the extent obtained by – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

## SECOND CAUSE OF ACTION

### Sections 727(a)(5) and 1141

33. Plaintiffs incorporate by reference all the allegations set forth in paragraph 1 through 54, inclusive.

34. Pursuant to Section 727(a)(5) of the United States Bankruptcy Code, (a) a court shall grand the debtor a discharge, unless "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;"

## PRAYER FOR RELIEF

Plaintiffs pray for judgment as follows:

1. The Debt to be nondischargeable pursuant to Section 523(a); and

2. A denial of Defendants' discharge pursuant to Section 727(a) and 1141; and

3. For reasonable attorneys' fees and costs of suit incurred herein; and

4. For such other relief as this Court deems just and proper.

Dated: July 11, 2022

**Kaveh S. Elihu, Esq.**
Plaintiff's Counsel

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Wilfredo Martinez | **DEFENDANTS** <br> Robert R. Chapman <br> Robert R. Champman, Inc. dba Ace Party Rents |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Kaveh S. Elihu, Esq. <br> Victor R. Ujkic, Esq. <br> Employee Justice Legal Group, PC <br> 1001 Wilshire Blvd., Los Angeles, CA (213)382-2222 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
For a Determination That Defendant's Debts are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(2)(A)
United States Bankruptcy Code 727(a)(5), 727(C) and 1141.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge -§727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| v☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| v☐ Check if a jury trial is demanded in complaint | Demand at least $400,000.00 (exact amount TBD) |

**B1040 (FORM 1040) (12/15)**

Other Relief Sought

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>Robert R Chapman and Robert R. Chapman, Inc. dba Ace Party Rents | BANKRUPTCY CASE NO.<br>6-22-bk-11279-SY | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside Division | NAME OF JUDGE<br>TBD |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.